| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 18, 2018 |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: 3:30 p.m. |

-----------------------------------------------------------x

In re                                                           Case No. 18-41192 (NHL)

Ronald S. Lopes,                            (Chapter 7)

                             Debtor.

-----------------------------------------------------------x

**NOTICE OF MOTION OF THE UNITED STATES TRUSTEE (I) TO
DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(a) AND (II) FOR
DISGORGEMENT OF FEES PAID BY THE DEBTOR TO KEVIN B ZAZZERA, ESQ.
PURSUANT TO 11 U.S.C. § 329(b)**

NOTICE IS HEREBY GIVEN that a hearing on the United States Trustee's motion to dismiss this chapter 7 case pursuant to 11 U.S.C. § 707(a) and to seek disgorgement of fees paid by Ronald S. Lopes (the "Debtor") to Kevin B. Zazzera, Esq. (the "Motion") will be heard before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, on **July 18, 2018, at 3:30 p.m.**, at the Conrad B. Duberstein Courthouse, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201. The United States Trustee seeks dismissal of this case pursuant to 11 U.S.C. § 707(a) because further administration of the Debtor's case would be futile. The Motion is based on the Declaration of Nazar Khodorovsky and a Memorandum of Law dated June 4, 2018.

NOTICE IS FURTHER GIVEN that any responses to the Motion shall be filed with the Court and served on the United States Trustee, 201 Varick Street, Suite 1006, New York, New York, 10014, Attention: Nazar Khodorovsky, Trial Attorney, so as to be received no later than seven days prior to the hearing date. Responsive papers shall state the factual grounds and the

1

legal authorities that support the respondent's position, either in the response or in a memorandum of law. Failure to provide this information may be grounds to strike the response or to grant the motion by default.

Dated: New York, New York
June 4, 2018

>WILLIAM K. HARRINGTON
>UNITED STATES TRUSTEE, REGION 2
>
>By: */s/ Nazar Khodorovsky*
>    Nazar Khodorovsky
>    Trial Attorney
>    201 Varick Street, Suite 1006
>    Tel. No. (212) 510-0500
>    Fax No. (212) 668-2255

| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 18, 2018 |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: 3:30 p.m. |

-------------------------------------------------------X
In re:                                    :        Chapter 7
                                          :
Ronald S. Lopes,                          :
                                          :        Case No. 18-41192 (NHL)
                                          :
                                          :
                  Debtor.                 :
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION (I) TO DISMISS THE DEBTOR'S CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(a) AND (II) FOR DISGORGEMENT OF FEES PAID BY THE DEBTOR TO KEVIN B. ZAZZERA, ESQ. PURSUANT TO 11 U.S.C. § 329(b)**

TO:  THE HONORABLE NANCY HERSHEY LORD,
     UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, submits this motion (the "Motion") for an order (i) pursuant to 11 U.S.C. § 707(a), dismissing this chapter 7 case and (ii) pursuant to 11 U.S.C. § 329(b), for the disgorgement of fees paid by Ronald S. Lopes (the "Debtor") to Kevin B. Zazzera, Esq. ("Counsel") in connection with this case. In support of the Motion, the United States Trustee represents and alleges as follows:

**INTRODUCTION**

The Court should dismiss the Debtor's case pursuant to Section 707(a). In a prior case filed by this Debtor about three-and-a-half years ago, the Court revoked the Debtor's discharge for violating Sections 727(d)(3) and (a)(6)(A). In this case, the Debtor is seeking to discharge certain liabilities, the discharge of which the Court has already denied in the Debtor's prior case. Such liabilities constitute an extensive portion of the Debtor's unsecured debts. The Debtor lacks any assets that could be liquidated and distributed to his creditors. Because continued

1

administration of this case is futile, dismissal of this case is proper. Alternatively, the Court should order the Debtor to amend his schedules prior to the entry of discharge to either remove all debts the discharge of which has previously been denied or to explicitly acknowledge such debts as non-dischargeable, or should restrict any discharge to only those debts which arose after the filing of the prior bankruptcy case.

Additionally, the Court should direct that any fees paid by the Debtor to counsel in connection with this case be disgorged pursuant to Section 329(b). Counsel represented the Debtor in connection with both his prior case and the current case. Counsel knew, or should have known, that the Debtor would not be able to discharge an extensive portion of his debts in this chapter 7 case, yet filed this case regardless. Therefore, the fee charged in this case by Counsel exceeds the value of any services that Counsel could have reasonably rendered to the Debtor. The Court should, therefore, order the disgorgement of all fees paid by the Debtor to counsel in connection with this case.

## I. JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code, Section 707(a) of the Bankruptcy Code and Rules 1017(e) and 4004(b) of the Federal Rules of Bankruptcy Procedure.

## II. BACKGROUND

**The Debtor's Current Case**

The Debtor, represented by Counsel, commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on March 5, 2018. *See* ECF Doc. No. 1. Alan Nisselson, Esq. (the "Trustee") was appointed as the interim trustee of the estate of the Debtor, and pursuant to 11 U.S.C. § 702(d), thereafter became the permanent trustee. The first date set for the meeting of creditors, pursuant to 11 U.S.C. § 341(a) (the "341 Meeting"), was April 4, 2018 (the "First Meeting"). The 341 Meeting was subsequently adjourned from time to time. The United States Trustee's deadline to seek to object to the Debtor's discharge or to move to dismiss the Debtor's case is June 4, 2018. *See* ECF Doc. No. 5.

According to Schedule A/B, the Debtor has no real property. *See* Schedule A/B, ECF Doc. No. 1. The Debtor's personal property assets aggregate $1,350 in value and consist primarily of furniture and clothes valued at $1,300. *Id.* The Debtor also claims to have only $50 in cash. *Id.* The Debtor exempts the full value of all of his assets on Schedule C. *See* Schedule C, ECF Doc. No. 1.

According to Schedule D, the Debtor has no secured creditors. *See* Schedule D, ECF Doc. No. 1. According to Schedule E/F, the Debtor has no priority unsecured creditors. *See* Schedule E/F, ECF Doc. No. 1. The Debtor's non-priority unsecured claims aggregate $445,097, and consist of the claims of two creditors: (a) a judgment claim of creditor Cooling Guard in the amount of $316,794 (the "Cooling Guard Claim") and (b) a judgment claim of creditor Kinetics Industries, Inc. ("Kinetics") in the amount of $128,303 (the "Kinetics Claim"). *Id.* The Cooling Guard Claim is from May 2011, while the Kinetics Claim is from September 2013. *Id.* Neither

the Kinetics Claim nor the Cooling Guard Claim is listed as contingent, liquidated, or disputed. *Id.*

According to Schedule H, the Debtor has no co-debtors in connection with any of his liabilities. *See* Schedule H, ECF Doc. No. 1. According to the Statement of Financial Affairs (the "SOFA"), the Debtor paid Counsel $2,500 to represent him in connection with this case. *See* SOFA, question 16, ECF Doc. No. 1.

**The Debtor's Prior Case**

In his current petition, the Debtor disclosed that on November 20, 2014 (the "Prior Case Filing Date") he had commenced a prior bankruptcy case in this Court. *See* ECF Doc. No. 1. On the Prior Case Filing Date, the Debtor, represented by Counsel, commenced a voluntary chapter 7 case captioned *In re Ronald S. Lopes*, 14-45888 (NHL) (the "Prior Case"). *See* Prior Case ECF Doc. No. 1. David J. Doyaga, Esq. (the "Prior Case Trustee") was appointed as the interim trustee of the estate of the Debtor, and pursuant to 11 U.S.C. § 702(d), thereafter became the permanent trustee. According to the SOFA filed in the Prior Case, Counsel charged the Debtor $2,500 for his services in connection with the Prior Case. *See* SOFA, question 9, Prior Case ECF Doc. No. 1.

Debtor's Liabilities in the Prior Case

In his Schedules in the Prior Case, the Debtor stated that he had neither secured nor priority unsecured liabilities. *See* Schedules D, E, Prior Case ECF Doc. No. 1. In Schedule F, the Debtor listed non-priority unsecured liabilities aggregating $204,604. *See* Schedule F, Prior Case ECF Doc. No. 1. Among his unsecured liabilities, the Debtor listed two judgment claims owed to Kinetics in the aggregate amount of $174,738. *Id.*

Denial of the Debtor's Discharge in the Prior Case

By order signed on June 10, 2015, the Court issued a discharge to the Debtor and a final decree in the Prior Case. *See* Prior Case ECF Doc. No. 28. By order signed on March 5, 2016, the Court granted the motion of the United States Trustee to reopen the Prior Case. *See* Prior Case ECF Doc. No. 31. On March 28, 2016 Cooling Guard, by counsel, filed a notice of appearance in the Prior Case. *See* Prior Case ECF Doc. No. 35.

By order signed on April 18, 2016 (the "April 2016 Order"), the Court granted the United States Trustee's motion seeking an examination of the Debtor under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Motion"). *See* Prior Case ECF Doc. No. 36. The United States Trustee sought relief against the Debtor in the Rule 2004 Motion to investigate any potential assets that the Debtor may not have disclosed in his petition and schedules filed in the Prior Case. *See* Prior Case ECF Doc. No. 34. The Rule 2004 Motion arose, *inter alia*, from emails received by the Prior Case Trustee from Kinetics alleging that the Debtor has failed to disclose all of his assets during the Prior Case. *Id.*

On June 9, 2016, the United States filed a complaint seeking the revocation of the Debtor's discharge in the Prior Case under Sections 727(d)(3) and 727(a)(6)(A) (the "Complaint"). *See* Prior Case ECF Doc. No. 38. The United States Trustee contended that the Debtor's discharge in the Prior Case should be revoked over his failure to comply with the April 2016 Order, including his failure to produce documents. *Id.* On November 16, 2016, the Court entered a default judgment (the "Revocation Judgment") granting the Complaint, and revoking the Debtor's discharge under Sections 727(d)(3) and 727(a)(6)(A). *See* Prior Case ECF Doc. No. 39. By order signed on July 11, 2017, the Court again closed the Prior Case. *See* Prior Case ECF Doc. No. 41.

Since the entry of the Revocation Judgment, the Debtor has not sought to reopen the Prior Case. *See* Declaration of Nazar Khodorovsky in Support of the Motion (the "Khodorovsky Declaration"), ¶ 8. The Debtor has never moved for reconsideration of the Revocation Judgment. *Id.* ¶ 9. The Debtor never appealed the Revocation Judgment. *Id.* ¶ 10.

### III. ARGUMENT

#### A. Dismissal under 11 U.S.C. § 707(a) is Warranted

(a) Legal Standards

Section 523(a)(10) of the Bankruptcy Code provides that a debtor may not discharge any liability for which a debtor in a prior bankruptcy case "was denied a discharge under Section 727(a)(2),(3),(4),(5),(6) or (7)." 11 U.S.C. § 523(a)(10). The purpose of the statute is to "prevent debtors from circumventing the deterrent effect of a discharge denial under section 727" by filing a subsequent bankruptcy case. 4 Collier on Bankruptcy § 523.16 (16th Ed. 2018).

Even if a debtor, therefore, commences a subsequent case, denial of discharge in a prior case makes those prior debts non-dischargeable: a "court-approved waiver of discharge under section 727(a)(10), like an order denying the debtor a discharge, effects a statutory *res judicata* with respect to the debts in existence." *Id.* Furthermore, this exception to discharge is considered "self-effectuating" – in other words, it "is not necessary for creditors to initiate an adversary proceeding to determine the dischargeability of the debts which were or could have been listed in the prior case." *Id.*

Sections 707(a) of the Bankruptcy Code provides that a chapter 7 bankruptcy case may be dismissed "only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). Examples of cause include "unreasonable delay by the Debtor that is prejudicial to creditors" as well as "nonpayment of any fees or charges required under chapter 123 of title 28." 11 U.S.C. §

6

707(a)(1)-(2). The list of causes outlined in Section 707(a) is not considered exhaustive, but rather "illustrative." *In re Aiello*, 428 B.R. 296, 299 (Bankr. E.D.N.Y. 2010) (internal quotation marks and citations omitted). The courts, therefore, determine the "whether cause exists under Section 707(a) on a case-by-case basis." *Id.*

A violation of Section 523(a)(10) may serve as cause for dismissal of a chapter 7 case under Section 707(a). *See In re Barry*, No. 05-40736, 2005 Bankr. LEXIS 2804 (Bankr. N.D. Fla. Nov. 21, 2005). In *Barry*, the United States Trustee sought to dismiss under Section 707(a) a bankruptcy case where, in a prior case, the Court – by means of a default judgment – had denied the debtors' discharge for violating Sections 727(a)(2) and (a)(4). *Barry*, 2005 Bankr. LEXIS 2804, at *2. In their pending case, the debtors sought to discharge liabilities the "vast majority" of which were incurred prior to the commencement of their previous case. *Id.* In granting the United States Trustee's motion to dismiss, the Court held that the denial of the debtors' discharge in a previous case had *res judicata* effect with regard to the non-dischargeable liabilities. *Id.*, at *5-6. The Court also held that because (i) the vast majority of the liabilities were non-dischargeable, and (ii) "there are no assets to be distributed to creditors," continued administration of the case served no purpose, and dismissal was warranted. *Id.*, at *6-7.

(b)   The Court Should Dismiss the Debtor's Case

The Debtor's case is very similar to *Barry*. Here, the Kinetics Claim aggregates $128,303, and constitutes close to 30% of the Debtor's non-priority unsecured debts. *See* Schedule E/F, ECF Doc. No. 1. In Schedule E/F, the Debtor acknowledges that the Kinetics Claim arose in September 2013, prior to the Prior Case Filing Date, and relates to a judgment. *Id.* Liabilities owed to Kinetics on the basis of judgments were listed in the Debtor's Schedule F in the Prior Case. *See* Prior Case Schedule F, ECF Doc. No. 1. Because in the Prior Case the

Court has revoked the Debtor's discharge for violating Sections 727(d)(3) and (a)(6)(A), the Kinetics Claim is non-dischargeable pursuant to Section 523(a)(10): the judgment revoking the Debtor's discharge in the Prior Case has *res judicata* effect with regard to the Kinetics Claim. *See Barry*, 2005 Bankr. LEXIS 2804, at *5-6. Like the debtors in *Barry*, the Debtor lacks non-exempt assets that would be available to be distributed to his creditors. *See* Schedule C, ECF Doc. No. 1 (listing all of the Debtor's assets as exempt). Consequently, the administration of this case "would serve no useful purpose," warranting the dismissal of the Debtor's bankruptcy case under Section 707(a). *Barry*, 2005 Bankr. LEXIS 2804, at *7.

    (c)    <u>Alternatively, the Court Should Preclude the Discharge of the Kinetics Claim</u>

Should the Court determine that the continued administration of this case is warranted, the United States Trustee requests that the Court impose alternative relief against the Debtor to ensure that the requirements of Section 523(a)(10) are complied with. There are several ways in which the Court could accomplish this outcome: (a) the Court could direct the Debtor to amend his Schedule E/F (prior to the entry of discharge) to either remove all references to any debts owed to Kinetics or to explicitly acknowledge that the Kinetics Claim is non-dischargeable or (b) the Court could enter a narrowly tailored order of discharge explicitly limiting discharge to only those dischargeable debts incurred after the Prior Case Filing Date. Any of these actions would ensure that the Debtor is prevented from "circumventing the deterrent effect of a discharge denial under section 727" by filing a subsequent case seeking to discharge the non-dischargeable liabilities. 4 Collier on Bankruptcy § 523.16 (16th Ed. 2018).

### B. <u>Disgorgement of Counsel Fees Is Warranted</u>

    (a)    <u>Legal Standards</u>

When a bankruptcy petition is filed, every debtor's attorney is required to comply with

Section 329 of the Bankruptcy Code, which provides as follows:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
>
> > (1) the estate if the property transferred –
> >
> > > (A) would have been property of the estate; or
> > >
> > > (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> >
> > (2) the entity that made such payment.

11 U.S.C. § 329.

Further, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides:

> (b) Disclosure of Compensation Paid or Promised to Attorney for Debtor. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by §329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016(b).

"Disclosure of compensation pursuant to § 329 and Rule 2016(b) is mandatory, not permissive." *In re Gorski*, 519 B.R. 67 (Bankr. S.D.N.Y. 2014); *see also In re: Ortiz*, 496 B.R. 144, (Bankr. S.D.N.Y. 2013) (*citing In re Basham*, 208 B.R. 926 (B.A.P. 9th Cir. 1997); *In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009); *In re Bennett*, 133 B.R. 374, 378 (Bankr. N.D. Tex 1991). The Bankruptcy Code requires fee disclosure so that courts can "prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid." *Id.*; *see also In re Hackney*, 347 B.R. 432, 442 (Bankr. M.D. Fla. 2006); *In re Waldo*, 417 B.R. 854, 893 (Bankr. E.D. Tenn 2009). "[P]ayments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny." *Id.*

Pursuant to Section 329(b), the Court may direct the disgorgement of fees paid by a debtor to his or her bankruptcy counsel if the fee charged exceeds the value of any services rendered. 11 U.S.C. § 329(b); *In re Bronx 439 E 135th St. D.T. Bldg. Corp.*, 2014 Bankr. LEXIS 224 *16 (S.D.N.Y. January 17, 2014); *see also e.g., In re Kero-Sun, Inc.*, 58 B.R. 770 (Bankr. D. Conn. 1986) (the court found the law firm's shoddy conduct did not represent "even minimal efforts of a law firm with its exceptional qualifications in the field of bankruptcy law" and that, in addition to the firm's violation of the disclosure requirements, warranted full disgorgement). Rule 2017 of the Federal Rules of Bankruptcy Procedure provides that on "motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in

contemplation of the filing of a petition under the Code . . . to an attorney for services rendered or to be rendered is excessive." Fed. R. Bankr. P. 2017(a).

(b) <u>The Court Should Direct the Disgorgement of Counsel Fees</u>

Here, the Court should direct the disgorgement of the entire fee that the Debtor paid to Counsel in connection with Counsel's services in this case. Counsel had represented the Debtor in the Prior Case. *See* Prior Case ECF Doc. No. 1. Counsel had prepared the Debtor's schedules and SOFA in connection with the Prior Case (where the Debtor sought to discharge liabilities owed to Kinetics). *See* Prior Case ECF Doc. No. 1. Similarly, Counsel had prepared the Debtor's schedules and SOFA in the current case. *See* ECF Doc. No. 1. Counsel, therefore, was aware of the revocation of the Debtor's discharge in the Prior Case, yet he listed the Kinetics Claim on the Debtor's Schedule E/F in the current case without disclosing that it could not be discharged in connection with the Debtor's current case.

In this case, Counsel has received fees from the Debtor that exceed the reasonable value of Counsel's lawful services: notably, (a) Counsel has attempted to effectuate a discharge of a non-dischargeable debt in violation of Section 523(a)(10) through the commencement of the current case and (b) Counsel failed to disclose the Kinetics Claim's non-dischargeable status on the Debtor's Schedule E/F. To the extent that Counsel considered the Revocation Judgment to have been entered improperly, he should have sought to appeal it or seek its reconsideration in the Prior Case (where he also represented the Debtor) rather than attempt to have the Debtor file a new chapter 7 case. Because Counsel's actions constitute a violation of the Bankruptcy Code, disgorgement of fees is a proper remedy. *See In re Grabanski*, 578 B.R. 458, 477 (Bankr. N.D. 2017).

## IV. CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that this Court enter an order (i) dismissing this chapter 7 case in accordance with 11 U.S.C. § 707(a) and (ii) directing Counsel to disgorge to the Debtor all fees paid to him by the Debtor in connection with this case, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 4, 2018                            Respectfully Submitted,

                                             WILLIAM K. HARRINGTON
                                             UNITED STATES TRUSTEE, REGION 2

                               By: */s/ Nazar Khodorovsky*
                                   Nazar Khodorovsky
                                   Trial Attorney
                                   201 Varick Street, Suite 1006
                                   New York, New York 10014
                                   Tel. No. (212) 510-0500
                                   Fax No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

Ronald S. Lopes,

                                          Chapter 7

              Debtor.                    Case No.  18-41192 (NHL)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DECLARATION OF NAZAR KHODOROVSKY IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THE DEBTOR'S CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(a) AND FOR DISGORGEMENT OF COUNSEL FEES PURSUANT TO 11 U.S.C. § 329(b)**

Pursuant to 28 U.S.C. § 1746, Nazar Khodorovsky, declares as follows:

1)      I am a Trial Attorney with the Office of the United States Trustee for Region 2.  I am assigned to oversee this matter, and I have knowledge and information about this bankruptcy case.  I submit this Declaration in support of the United States Trustee's motion pursuant to 11 U.S.C. § 707(a) seeking the dismissal of the Debtor's case and for the disgorgement of counsel fees pursuant to 11 U.S.C. § 329(b).

2)      On March 5, 2018 (the "Filing Date"), Ronald S. Lopes (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3)      Alan Nisselson, Esq., was appointed as the interim trustee of the estate of the Debtor, and pursuant to 11 U.S.C. § 702(d), thereafter became the permanent trustee.

4)      On November 20, 2014, the Debtor had filed a voluntary chapter 7 bankruptcy case captioned *In re Ronald S. Lopes,* 14-45888 (NHL) (the "Prior Case").

5)      By order signed on June 10, 2015, the Debtor received a discharge in the Prior Case.

6)      By order signed on March 5, 2016, the Court reopened the Prior Case.

7) By default judgment entered on November 16, 2016, the Court revoked the Debtor's discharge in the Prior Case.

8) The Debtor has not sought to reopen the Prior Case since the revocation of his discharge.

9) The Debtor has not moved for reconsideration of the judgment revoking his discharge in the Prior Case.

10) The Debtor has never appealed the revocation of his discharge in the Prior Case.

I declare under the penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
June 4, 2018

*/s/ Nazar Khodorovsky*
Nazar Khodorovsky

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                          :        Chapter 7
                                                                :
Ronald S. Lopes,                                    :
                                                                :        Case No. 18-41192 (NHL)
                                                                :
                                                                :
                        Debtor.                         :
-------------------------------------------------------X

# AFFIRMATION OF SERVICE

Nazar Khodorovsky affirms under penalty of perjury that the following is true and correct:

    1.    I am a trial attorney with the Office of the United States Trustee for Region 2.

    2.    On June 4, 2018, I caused true and correct copies of the United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(a) and for Disgorgement of Counsel Fees Pursuant to 11 U.S.C. § 329(b) (the "Motion") to be served by first-class mail upon the parties listed on the attached Schedule A by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the U.S. Postal Service within the City and State of New York.

                                                  */s/ Nazar Khodorovsky*
                                                  Nazar Khodorovsky

## Schedule A

Ronald S. Lopes
36 Bellavista Ct
Staten Island, NY 10305-5124

Kevin B. Zazzera, Esq.
182 Rose Avenue
Staten Island, NY 10306

Alan Nisselson, Esq.
c/o Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, NY 10019

Cooling Guard
c/o Rabinowitz & Galina, Esq.
94 Willis Ave.
Mineola, NY 11501-2600

Kinetics Industries, Inc.
McNamee Lochner Titus
677 Broadway
Box 459
Albany, NY 12207-2998